UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN C PARRA-INTERIAN,

    Petitioner,

v.

MIKE OBENLAND,

    Respondent.

CASE NO. 3:17-CV-05481-RBL-DWC

ORDER DENYING MOTION FOR COUNSEL

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Currently pending in this action is Petitioner Juan C. Parra-Interian's second Motion for Appointment of Counsel. Dkt. 18.[1]

There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129,

---

[1] Petitioner filed his first Motion for Appointment of a Lawyer on June 22, 2017. Dkt. 4. This motion was denied by the Court on July 25, 2017. Dkt. 7.

1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, Petitioner asserts he is uneducated, has limited access to the law library, and does not read or write in English. Dkt. 18. He also contends he cannot afford an attorney and the issues in his case, such as interviewing witnesses, require a skilled attorney. *Id.*

At this time, the Court does not find good cause for granting leave to conduct discovery and has not determined an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Additionally, Petitioner effectively articulated his grounds for relief raised in the Petition, and the grounds are not factually or legally complex. *See* Dkt. 3. Petitioner has also not shown he is likely to succeed on the merits of his case.

While Petitioner states he cannot read or write in English, he has successfully filed his Petition, two motions for appointment of counsel, a motion for extension of time, and a response to the Answer in English. *See* Dkt. 3, 4, 13, 17, 18. Further, Petitioner's response to the Answer cites relevant case law and is responsive to the issues raised in the Answer. The Court finds Petitioner has been able to file appropriate motions and responses and understand filings in this case. Thus, Petitioner has not shown he is unable to litigate this case without the assistance of counsel because of his inability to read and write in English.

1     The Court finds Petitioner has not shown appointment of counsel is appropriate at this time. Therefore, the Motion for the Appointment of Counsel is denied without prejudice.

Dated this 16th day of November, 2017.

                                                           David W. Christel
                                                           United States Magistrate Judge