UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN C PARRA-INTERIAN,

    Petitioner,

v.

MIKE OBENLAND,

    Respondent.

CASE NO. 3:17-CV-05481-RBL-DWC

ORDER APPOINTING COUNSEL

The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner Juan C. Parra-Interian filed his federal habeas Petition seeking relief from a state court conviction. *See* Dkt. 3. Currently pending before the Court is Petitioner's Motion to Appoint Counsel. Dkt. 27. After reviewing the relevant record before this Court, the Court concludes the interests of justice require the appointment of counsel in this case. Therefore, Petitioner's Motion (Dkt. 27) is granted.

**I.    Background**

Petitioner previously filed two motions requesting counsel, which the Court denied without prejudice. *See* Dkt. 4, 7, 18, 20. The previous motions were denied because (1) the Court did not find good cause to grant leave to conduct discovery; (2) Petitioner clearly articulated his

ORDER APPOINTING COUNSEL - 1

grounds for relief and the grounds are not legally complex; and (3) Petitioner had not shown he was likely to succeed on the merits of his case. *See* Dkt. 20.

Petitioner has now filed the pending Motion reiterating the same reasons for requesting counsel as in his previous motions. *See* Dkt. 27. He asserts he is uneducated, has limited access to the law library, and does not read or write in English. Dkt. 27. However, unlike his previous motions, Petitioner has now attached affidavits of three inmates who support Petitioner's assertions that he cannot read or write in English. *See* Dkt. 28. The affidavits state that the inmates help translate Petitioner's legal documents from English to Spanish and then help draft pleadings for Petitioner in English. *Id*. The inmates are unable to completely translate the legal documents into Spanish and do not believe the translations are completely accurate. *Id*. Further, Petitioner has been transferred to a different unit, away from the inmates who were assisting him. *Id*.

Petitioner filed the Motion on February 21, 2018. Dkt. 27. Respondent did not file a response to the Motion. *See* Docket.

**II.     Discussion**

There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the

merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, the Court finds Petitioner's inability to read and write in English hinders his ability to articulate his claims and respond to the Answer and Supplemental Answer. While the Court has not determined that Petitioner is likely to succeed on the merits of this case, the Court finds the interests of justice require Petitioner be appointed counsel to ensure he understands and can respond to the legal and factual arguments presented in Respondent's Answer and Supplemental Answer.

Accordingly, the Court **appoints the Federal Public Defender for the Western District of Washington (FPD) for Petitioner.** The Clerk shall provide a copy of this Order to: Michael Filipovic, Federal Public Defender, Federal Public Defender's Office, 1601 Fifth Avenue, Suite 700, Seattle, Washington 98101.

As Petitioner is now represented by counsel, the Court grants Petitioner's Motion for Extension of Time (Dkt. 29) as follows:

- The traverse must be filed on or before April 30, 2018.
- Respondent may file a reply to the traverse on or before May 4, 2018.

The Clerk of Court is directed to re-note the Petition for May 4, 2018.

Dated this 16th day of March, 2018.

David W. Christel
United States Magistrate Judge